IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ]<br><br>Plaintiff, ]<br><br>vs. ]<br><br>MADISON RV CENTER, Inc., ]<br><br>Defendant. ] | CIVIL ACTION #<br><br>**COMPLAINT**<br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Karl Humphrey who was adversely affected by such practices. The Defendant Employer discriminated against Karl Humphrey on the basis of his race (Black), and retaliated against him for his engaging in activity protected by Title VII, by subjecting him to harassment, unfair discipline, suspension, termination, and other different terms and conditions of employment as set forth in paragraph eight (8) of this complaint.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama Northeastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Madison RV Center, Inc. (the "Employer"), has continuously been a corporation in the State of Alabama, doing business in the State of Alabama and the City of Huntsville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Karl Humphrey filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since on or about June 10, 2004, and continuing thereafter, Defendant Employer engaged in unlawful employment practices at its Birmingham, Alabama facility, in violation of Section 703(a)(1) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a). In particular, the Defendant Employer engaged in unlawful employment practices at and around its facility in Birmingham, Alabama, through the actions of its supervisors and employees.

8.  More specifically, since on or about June 10, 2004, and continuing thereafter, supervisors and employees of Defendant Employer subjected Karl Humphrey to unlawful harassment, unfair discipline, suspension, termination, and other different terms and conditions, including subjecting Karl Humphrey to daily racial taunts and graffiti, refusing to address the racially hostile environment to which Karl Humphrey was subjected, unfairly disciplining him, giving him unfair employment options, suspending him and terminating him. Defendant's action were based on Karl Humphrey's race (Black), and in retaliation for his engaging in activity protected by Title VII,

9.  The effect of the practices complained of in paragraph eight (8) above has been to deprive Karl Humphrey of equal employment opportunities and otherwise adversely affect his status as an employee because of his race (Black), and in retaliation for his engaging in activity protected by Title VII.

10. The unlawful employment practices complained of in paragraph eight (8) above were intentional.

11. The unlawful employment practices complained of in paragraph (8) above were done with malice or with reckless indifference to the federally protected rights of Karl Humphrey.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment and any other employment practice which discriminate on the basis of race.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees of all races and national origin, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

D.   Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

E.   Order Defendant Employer to make whole Karl Humphrey by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.   Order Defendant Employer to make whole Karl Humphrey by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph eight (8) above in amounts to be determined at trial.

G.   Order Defendant Employer to make whole Karl Humphrey by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph eight (8) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H.  Order Defendant Employer to pay Karl Humphrey punitive damages for its malicious and reckless conduct described in paragraph eight (8) above, in amounts to be determined at trial.

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted

RONALD COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street N. W.
Washington, D. C. 20507

_____
C. EMANUEL SMITH (MS #7473)
REGIONAL ATTORNEY

_____
JULIE LEE (D.C. #433292)
SUPERVISORY TRIAL ATTORNEY

_____
J. MARK GRAHAM (LA06216)

SENIOR TRIAL ATTORNEY

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, AL 35205
(205) 212-2054
Fax: (205) 212-2041
E-mail: john.graham@eeoc.gov